UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Denis J. Opsahl,

            Petitioner,

vs.             REPORT AND RECOMMENDATION

State of Minnesota,
Hennepin County Fourth
District Courts, Hennepin
County Attorneys Office, and
Hennepin County Sheriff of
Minneapolis, Minnesota,

            Respondents.     Civ. No. 09-3709 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Denis J. Opsahl for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. See, Docket No. 1. The Petitioner appears pro se and, because his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondents. For reasons which follow, we recommend that the

Petition for Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

II. Factual and Procedural Background

The Petitioner is currently confined at the Hennepin County Adult Detention Center, in Minneapolis, Minnesota. His Habeas Corpus Petition indicates that he is being held on charges of making an illegal 911 phone call, which was placed on March 25, 2009. See, Petition, p. 3 §9. The Petition also reflects that there has been "no trial yet." Id., p. 5 §19. Although it clearly appears that the Petitioner is not being detained pursuant to any final Judgment of Conviction, nevertheless, he is seeking a Federal Writ of Habeas Corpus that would cause him to be released from State custody.[2]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners, pursuant to Title 28 U.S.C. § 2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. § 2241. See, Rule 1(b) of The Rules Governing Section 2254 Cases In The United States District Courts; Mickelson v. United States, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270 n.1, (9th Cir. 1989); Rothstein v. Pavlick,1990 WL 171789 at *3(N.D. Ill., November 1, 1990).

[2] A website maintained by the "Minnesota Judicial Branch," (www.mncourts.
(continued...)

The Petition lists three grounds for relief, which, repeated verbatim, and in their entirety, are as follows:

> Ground 1: The 'crime' is a an alleged 911 phone call on 3/25/09. Opsahl was not in Minnesota on 3/25/09. No Miranda v Arizona rights were given.
>
> Ground 2: On 3/31/09 the Court disallowed via Judge Neville a Miranda Hearing. Judge Small disallowed a Miranda Hearing on 4/20, 5/23 6/10 7/23 8/27 10/22/09.
>
> Ground 3: On 11/12/09 12/1/09 and 12/15/09 Referee Meade Denied a Miranda Hearing. On 10/22/09 Judge Small denied all Due Process and had an emotional Breakdown in Court Due To liquor. All 4th, 5th 6th and 14th Amendment rights are violated.

See, Petition, p. 3§9.

For reasons which follow, we find, as a matter of law, that the Petitioner cannot be granted a Writ of Habeas Corpus as to any of the claims listed in his Petition.

---

²(...continued)
gov/), discloses that the Petitioner is a Defendant in a criminal case pending in the State District Court for Hennepin County, Minnesota; namely, State v. Opsahl, No. 27-CR-09-15618. The website provides a docket sheet for that case, which reflects that the Petitioner has been charged with "Terroristic Threats – Bomb Threat," in violation of Minnesota Statutes Section 609.713.2. The docket sheet further discloses that, on October 22, 2009, the Petitioner was "Found Incompetent."

III. Discussion

At the outset, we note that the Petitioner does not appear to be eligible for Habeas Corpus relief under Title 28 U.S.C. §2254, because he is not challenging a final State Court Judgment of conviction. See, Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)(Section 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); Hirsch v. Smitley, 66 F. Supp.2d 985, 986 (E.D. Wis. 1999)("Section 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, some Federal Courts have concluded that a State detainee can, on some occasion, seek Federal Habeas Corpus relief, before the entry of a final State Court Judgment, under Title 28 U.S.C. §2241.[3] See, Dickerson v. State of Louisiana,

---

[3]Title 28 U.S.C. §2241(a) provides as follows:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions * * *.

28 U.S.C. §2241(c)(3) further provides that:

(continued...)

supra at 224 ("Pre-trial petitions * * * are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."); Hirsch v. Smitley, supra at 986 ("Pre-judgment habeas relief is available * * * under 28 U.S.C. §2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980), cert. denied, 449 U.S. 1014 (1980)("[D]istrict court had jurisdiction, under 28 U.S.C. §2241, to issue [a] pretrial writ of habeas corpus."); Woodard v. Plummer, 1998 WL 30092 at *1 (N.D.Cal., January 13, 1998)("A pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. §2241(c)(3)."). Here, since the Petitioner is not challenging a final State Court Order or Judgment, Section 2241(c)(3) affords the only Federal Habeas Corpus remedy that might possibly be available to him.

Ordinarily, a State detainee must await the entry of a final State Court Judgment before seeking a Writ of Habeas Corpus in Federal Court. The Supreme Court has "advanced the position that federal courts should refrain from interfering with pending

---

[3](...continued)
> The writ of habeas corpus shall not extend to a prisoner unless * * * [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

state judicial proceedings absent extraordinary circumstances."  Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000), citing Younger v. Harris, 401 U.S. 37, 43-44 (1971); Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981)("'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'"), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974); Carden v. State of Montana, supra at 83-84 (Federal Courts will not interfere in State criminal proceedings before they become final except in "unusual," "extraordinary," or "special" circumstances).

Courts have defined extraordinary circumstances, which justify Federal intervention as involving double jeopardy claims, or issues regarding the right to a speedy Trial.  See, e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992)("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause."), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992), cert. denied, 506 U.S. 1048 (1993), and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992); Braden v. 30th Judicial Circuit

Court of Kentucky, 410 U.S. 484, 488-89 (1973)(allowing a Section 2241 action for a Speedy Trial claim despite not having yet been brought to Trial).

Here, however, the Petitioner has not presented a Double Jeopardy claim, a Speedy Trial claim, or any other "extraordinary" claim, that might warrant Federal intervention before entry of a final Judgment. To the contrary, the Petitioner claims only that he has not yet been given a "Miranda hearing" -- presumably meaning that he has not yet had an opportunity to challenge the admissibility of evidence, which allegedly was obtained in violation of the constitutional rights prescribed by Miranda v. Arizona, 384 U.S. 436 (1966). It is difficult to imagine any matter that might arise in a criminal case that would be **less** "extraordinary" than an alleged violation of a defendant's Miranda rights. The Petitioner has not cited, and we have not located, a single case in which a Federal Court has even considered, let alone upheld, a State criminal defendant's Miranda claim in a **pre-trial** Federal Habeas Corpus proceeding. We can find no conceivable reason to be the first Court to do so here.

If the Petitioner goes to Trial in his State criminal case, and if evidence allegedly obtained in violation of his Miranda rights is used to convict him, he might then be eligible for Federal Habeas review of his Miranda claims -- after he has exhausted all available State Court remedies, as required by Title 28 U.S.C. §2254(b).

However, none of the Petitioner's current <u>Miranda</u> claims constitutes the type of "extraordinary" claim that can be reviewed in a Federal Habeas Corpus action brought during the course of a pending State criminal case. Therefore, we conclude that the Petitioner's Habeas Corpus Petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules, although we recommend that the dismissal be without prejudice, so the Petitioner may seek Federal Habeas relief, if necessary, after his State criminal case has been finally resolved, and all available State Court remedies have been properly exhausted.[4]

Lastly, given our recommendation, that this action be summarily dismissed, we further recommend that the Petitioner's Application to proceed <u>in forma pauperis</u>, ("IFP"), see, <u>Docket No. 2</u>, be denied as moot. See, <u>Title 28 U.S.C. §1915(e)(2)(B)(ii)</u>; see also, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(IFP application should be denied where Habeas Petition cannot be entertained).

NOW, THEREFORE, It is --

---

[4] We reached a similar conclusion in another Habeas Corpus proceeding, in which the Petitioner attempted to challenge the same State criminal prosecution at issue here. See <u>Opsahl v. State of Minnesota</u>, Civil No. 09-1181 (JRT/RLE), Report and Recommendation dated July 21, 2009, [Docket No. 7], and which is currently on appeal to the United States Court of Appeals for the Eighth Circuit. See, <u>Docket No 11</u>.

RECOMMENDED:

1.　That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily denied, and that this action be dismissed, without prejudice.

2.　That the Petitioner's Application for leave to proceed <u>in forma pauperis</u> [Docket No. 2] be denied as moot.

Dated:  January 19, 2010　　　　　　　　*s/Raymond L. Erickson*
　　　　　　　　　　　　　　　　　　　Raymond L. Erickson
　　　　　　　　　　　　　　　　　　　CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 2, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 2, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.