# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DENIS J. OPSAHL,<br><br>Petitioner,<br>v.<br><br>STATE OF MINNESOTA, HENNEPIN COUNTY FOURTH DISTRICT COURTS, HENNEPIN COUNTY ATTORNEY'S OFFICE, and HENNEPIN COUNTY SHERIFF OF MINNEAPOLIS MINNESOTA,<br><br>Respondents. | Civil No. 09-3709 (JRT/RLE)<br><br><br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Denis J. Opsahl, #200902336, Hennepin County Detention Center, 401 South Fourth Street, Minneapolis, MN 55419, petitioner *pro se*.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101; and Michael K. Walz, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, for respondents.

On December 28, 2009, petitioner Denis J. Opsahl filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and filed a motion for leave to proceed *in forma pauperis* ("IFP"). United States Magistrate Judge Raymond L. Erickson issued a Report and Recommendation recommending that the Court summarily dismiss without prejudice Opsahl's habeas petition and deny as moot Opsahl's motion for leave to proceed IFP. Opsahl filed objections, and the Court reviews *de novo* those portions of the Report and Recommendation to which Opsahl objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. Local

Rule 72.2. For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Opsahl is incarcerated in the Hennepin County Adult Detention Center in Minneapolis, Minnesota on state charges stemming from his placement of an "alleged 911 phone call" on March 25, 2009. (Pet. for Writ of Habeas Corpus § 9, Docket No. 1.) The Hennepin County Register of Actions lists the charged offense as "Terroristic Threats-Bomb Threat." (*Opsahl v. Minnesota*, Civ. No. 09-1181, Docket No. 13.) Opsahl is currently in pretrial custody awaiting trial on the pending state criminal charges.

Opsahl initially filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See Opsahl v. Minnesota*, Civ. No. 09-1181, Docket No. 1 (D. Minn. May 20, 2009).) In an Order adopting the Report and Recommendation of the Magistrate Judge and summarily dismissing that habeas petition, the Court concluded that Opsahl was in pretrial custody awaiting trial on the pending state criminal charges when he filed the petition. Accordingly, the Court treated his § 2254 habeas petition as a petition under 28 U.S.C. § 2241. The Court concluded, however, that Opsahl had not exhausted state remedies with respect to his claims and had not demonstrated that "extraordinary circumstances" justified the Court's intervention in the pre-judgment state criminal proceedings. As a result, the Court dismissed Opsahl's petition without prejudice. (*Opsahl v. Minnesota*, Civ. No. 09-1181, Docket No. 20 (D. Minn. 2010).)

On December 28, 2009, Opsahl filed a second petition for habeas corpus, specifically seeking relief under § 2241. (Pet. for Writ of Habeas Corpus at 1, Docket No. 1.) Opsahl claims three grounds for relief:

> Ground 1: The 'crime' is . . . an alleged 911 phone call on 3/25/09. Opsahl was not in Minnesota on 3/25/09. No *Miranda v Arizona* rights were given.
>
> Ground 2: On 3/31/09 the Court disallowed via Judge Neville a *Miranda* Hearing. Judge Small disallowed a *Miranda* Hearing on 4/20, 5/23 6/10 7/23 8/27 10/22/09.
>
> Ground 3: On 11/12/09 12/1/09 and 12/15/09 Referee Meade Denied a *Miranda* Hearing. On 10/22/09 Judge Small denied all Due Process and had an emotional Breakdown in Court Due To liquor. All 4th, 5th 6th and 14th Amendment rights are violated.

(Pet. for Writ of Habeas Corpus § 9, Docket No. 1.)

The Magistrate Judge, evaluating Opsahl's request for habeas relief as a petition under 28 U.S.C. § 2241, again concluded that Opsahl did "not present[] a Double Jeopardy claim, a Speedy Trial claim, or any other 'extraordinary' claim, that might warrant Federal intervention before entry of a final [state court] judgment." (Report & Recommendation at 7, Docket No. 3.) The Magistrate Judge determined that Opsahl's alleged *Miranda* violation and request for a pretrial "*Miranda*" hearing – which the Magistrate Judge construed as a challenge to the admissibility of certain evidence – was not an extraordinary circumstance that warranted federal court intervention. (*Id.*) As a consequence, the Magistrate Judge recommended that the Court summarily dismiss Opsahl's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and deny as moot Opsahl's motion for leave to proceed IFP. (*Id.* at 9.) Opsahl filed timely objections to the Report and Recommendation. (*See* Objections, Docket No. 4.)

# DISCUSSION

Pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against" the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986 (E.D. Wis. 1999) ("Pre-judgment habeas relief is available . . . under 28 U.S.C. § 2241[.]").

28 U.S.C. § 2241 permits a court to grant a petition for writ of habeas corpus if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the statute does not explicitly require exhaustion, federal courts have held that a state pretrial detainee seeking habeas relief under § 2241 must ordinarily first present constitutional claims to the state court and exhaust remedies in state court. *See Dickerson*, 816 F.2d at 225; *see also Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). In addition, under the doctrine of *Younger* abstention, "federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." (internal quotation marks omitted)). Courts have concluded that extraordinary circumstances justifying such intervention

include circumstances where double jeopardy or speedy trial rights are at issue. *See, e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy).

## I. OPSAHL'S OBJECTIONS

Opsahl argues that the Magistrate Judge erred by applying rules governing § 2254 petitions because Opsahl filed the instant petition pursuant to § 2241. (Objections at 1-2, Docket No. 4.) Opsahl also contends that he has established "extraordinary circumstances" sufficient to justify the Court's intervention in the pretrial state criminal proceedings. (*Id.*) Specifically, Opsahl argues that "Double Jeopardy is now being violated," that Opsahl "has been asserting a Speedy Trial claim," and that this Court should review his alleged *Miranda* violations. (*Id.*)

The Magistrate Judge did not err by applying the Rules Governing Section 2254 cases. Although those rules directly apply to habeas petitions filed pursuant to 28 U.S.C. § 2254, courts may also apply them to habeas petitions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases; *Mickelson v. United States*, Civil No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002).

Opsahl offers only conclusory, unsupported allegations that the state criminal proceeding places him in double jeopardy and that the state has violated his speedy trial rights. In addition, there is no legal support for Opsahl's assertion that a *Miranda* violation constitutes an extraordinary circumstance such that the Court should intervene at this stage in the state criminal proceedings. As the Magistrate Judge stated: "If

[Opsahl] goes to Trial in his State criminal case, and if evidence allegedly obtained in violation of his *Miranda* rights is used to convict him, he might then be eligible for Federal Habeas review [under § 2254] of his *Miranda* claims – **after he has exhausted all available State Court remedies**[.]" (Report & Recommendation at 7, Docket No. 3 (emphasis added).)

Accordingly, the Magistrate Judge did not err in concluding that the Court should summarily dismiss the habeas petition because "it plainly appears from the petition and . . . attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases. The Magistrate Judge also properly concluded that the Court should deny Opsahl's motion for leave to proceed IFP. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]").

## II. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that Opsahl has not shown that reasonable jurists would find the issues raised in Opsahl's § 2241 petition debatable, that some other

court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

## ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated January 19, 2010, [Docket No. 3]. Therefore, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice**.

2. Opsahl's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 2] is **DENIED as moot**.

3. Opsahl's Motion for Extension of Time to File Transcript [Docket No. 5] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 31, 2010            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                    United States District Judge